**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ANTHONY CARL JONES (#319598)**                     **CIVIL ACTION**

**VERSUS**

**CAJUN TEMPORARY SERVICE, ET AL.**                  **NO. 10-0645-BAJ-CN**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, November 2, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ANTHONY CARL JONES (#319598)**                                      **CIVIL ACTION**

**VERSUS**

**CAJUN TEMPORARY SERVICE, ET AL.**                                   **NO. 10-0645-BAJ-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center, St. Gabriel, Louisiana, asserted the instant claim by filling out and filing a Complaint form specifically designed for the assertion of claims brought pursuant to 42 U.S.C. § 1983.  He names as defendants herein Cajun Temporary Service, David Miller Contractors, and unidentified "John Doe" defendants, alleging that in May and November, 2008, he sustained injuries while working one or more construction jobs in the State of Louisiana and that the responsible parties have not paid either his medical expenses or worker' compensation benefits.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time, before or after service of process, and before or after an answer is filed. Green v. McKaskle, supra.

In the instant case, the plaintiff's Complaint fails to state a claim upon which relief may be granted in this Court.  First, although

the plaintiff's Complaint is asserted on a form designated for claims brought pursuant to 42 U.S.C. § 1983, it is clear that a claim brought under this statute seeks to vindicate the violation of the plaintiff's constitutional civil rights.  Moreover, a claim brought under this statute is required to allege conduct undertaken by persons acting under the color of state law.  Accordingly, inasmuch as the plaintiff makes no assertion in his Complaint that the defendants have violated his constitutional civil rights, or that they are official state employees or were acting under color of state law at the time of his injuries, the defendants are not subject to liability under § 1983.

Further, there does not appear to be any other basis for the invocation of federal jurisdiction.  The plaintiff does not seek recovery under any federal law or statute as required under 28 U.S.C. § 1331, and inasmuch as both the plaintiff and the named defendants in this proceeding are all apparently domiciled within the State of Louisiana, there is no basis for the exercise of federal diversity jurisdiction under 28 U.S.C. § 1332.  Accordingly, the plaintiff fails to state a claim upon which relief may be granted in this Court.

RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed as frivolous and for failure to state a claim upon which relief may be granted within the meaning of 28 U.S.C. § 1915(e).[1]

Signed in chambers in Baton Rouge, Louisiana, November 2, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."